UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 15 CR 339 |
| vs. | ) | |
| | ) | Hon. Amy J. St. Eve |
| | ) | |
| WILLIAM MIKAITIS | ) | |

**OBJECTIONS TO GOVERNMENT'S MOTIONS *IN LIMINE*__**

COMES NOW the Defendant WILLIAM MIKAITIS, by and through his attorneys Beau B Brindley and Michael J Thompson and presents the following objections to the government's Consolidated Motions *In Limine* (Dkt. 89):

**I.     Motion to Allow Impeachment of Defendant Mikaitis with Prior Convictions**

The government seeks to impeach Dr. Mikaitis by offering evidence of his pending convictions in case 16 CR 361 in this district. The government seeks to admit Dr. Mikaitis's convictions for dispensing a prescription drug without a valid prescription with intent to defraud or mislead pursuant to FRE 609(a)(2) and 608(a)(1)(B); and his conviction for conspiracy to money launder pursuant to 608(a)(1)(B). The government does not appear to seek to admit evidence of his convictions for distribution of a controlled substance outside the usual course of professional practice and without a legitimate medical purpose, or for conspiracy to do the same, from that same case. Presumably recognizing the inherent prejudice in admitting that evidence would never be overcome by the probative value of it due to the similarity of the charges pending here.

None of these convictions should be admitted. They are far more prejudicial than probative, and do not actually involve a dishonest or false statement. Moreover, while a jury has reached a guilty verdict against Dr. Mikaitis for these charges, he has not yet been sentenced and the district court has not entered a judgment of conviction. The government correctly cites cases in other Circuits that have permitted the admission of convictions under similar circumstances, but there is no such case in the Seventh Circuit. This Court is required to follow the law of the Seventh Circuit, not of any other Circuit, and the Seventh Circuit has never approved of the admission of evidence of a conviction upon which judgment has not yet been entered. The Court would be making new law in the Circuit if it were to admit the evidence the government now proposes. Even if the Court believes that it could be permissible to admit evidence of convictions that have not yet been finalized by a judgment of conviction, the fact that the convictions are still pending is certainly one factor that should be considered in determining whether the government can establish that the evidence is not unfairly prejudicial.

**A. The Convictions are inadmissible under FRE 609(a)(2) because they do not involve dishonesty**

The government contends that Dr. Mikaitis's convictions for dispensing prescription drugs without a valid prescription with intent to defraud or mislead are admissible pursuant to FRE 609(a) because they "encompass the requisite 'element of deceit, untruthfulness, or falsification bearing on the witness's propensity to testify truthfully.'" Dkt. 89 at 3 (*citing* FRE 609, Advisory Committee Note). In making this argument, the government relies solely on the element of the charges requiring that the defendant dispensed the prescription drugs "with the intent to defraud or mislead." The

government offers those words without context, assumes that they meet the elements required by Rule 609(a)(2), and asks the Court to do the same.

However, in order to find Dr. Mikaitis guilty of the charges under discussion here, the jury in 16 CR 361 was not told that it had to find that Dr. Mikaitis made "a dishonest or false statement." See Rule 609(a)(2). The jury was not told that they had to find that Dr. Mikaitis acted with an "element of deceit, untruthfulness, or falsification." See Rule 609(a)(2) Advisory Committee Note.

Instead, the jury was told that, "Under the Food Drug and Cosmetic Act, a defendant acts with intent to defraud or mislead if he acts with the intent to defraud or mislead either the government or the consumers of the products." 16 CR 361 Dkt. 83 at 28. It was further instructed that, "To act with the intent to defraud or mislead the government means to act with the specific intent to materially interfere with or obstruct a lawful government function by material deceit, craft, or trickery, or at least by means that are dishonest. Intent to defraud or mislead the government can be demonstrated through evidence that the defendant took steps to conceal his purchase, holding, or sale of products from federal or state authorities that are responsible for regulating those activities." *Id.*

Therefore, as the government is well aware, the jury could have convicted Dr. Mikaitis of the charges at issue if it believed that he interfered with lawful government function by concealing the fact that he was storing prescription diet pills from government regulators. That is not the kind of evidence of dishonesty that Rule 609 requires. Indeed, under the facts that were introduced at trial, it is difficult to point to any other conclusion supported by the evidence that the jury could have reached that would

meet the elements of the instruction they were given. It is disingenuous for the government to argue that Dr. Mikaitis's conviction is the type of conviction intended to be encompassed by Rule 609(a)(2).

The Committee notes indicate that Rule 609(a)(2) allows admission of evidence of a conviction "only when the conviction required the proof of an act of dishonesty or false statement." The notes further indicate that jury instructions for the conviction should be consulted to determine whether "the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted." *See, also, Taylor v. United States*, 495 U.S. 575, 602 (1990) (providing that a trial court may look to a charging instrument or jury instructions to ascertain the nature of a prior offense where the statute is insufficiently clear on its face).

Here, the statute does not clearly require an "*act* of dishonesty or false statement." The statute requires only that some action be taken "with the *intent* to defraud or mislead." Intent is not an act. Defrauding or misleading does not necessarily require "deceit, untruthfulness, or falsification," as made clear by the Pattern Jury Instructions given to the jury, which allowed for mere concealment of storage to suffice for meeting the statutory element. Concealing improper storage of prescription medications is not the type of "dishonest act" that has any bearing on Dr. Mikaitis's propensity to testify truthfully as a witness. Thus, the convictions should not be permitted under Rule 609(a)(2)

### B.  The convictions should not be admitted under 608(a)(1)(B)

Nor should any of the convictions be admitted under FRE 608(a)(1)(B), because the government cannot establish that the probative value of the evidence outweighs its

prejudicial impact. "Although, under certain narrow circumstances, evidence of prior convictions can be used to impeach witnesses, Fed.R.Evid. 609, the general rule is that such evidence tends to be so prejudicial that, absent compelling circumstances, it should not be admitted." *United States v. Greschner*, 647 F.2d 740, 742 Fn. 1 (7th Cir. 1981) (citing the "thoughtful discussion of this issue" in *United States v. Jackson*, 405 F.Supp. 938, 939-43 (E.D.N.Y.1975). No such compelling circumstances exist here.

       The rule that it is error to inquire about the details of prior criminal conduct is so well established that such error is cognizable despite the absence of any objection by defense counsel. *United States v. Dow*, 457 F.2d 246, 250 (7th Cir. 1972). When a prior conviction is used to impeach a testifying defendant, "two inferences, one permissible and the other impermissible, inevitably arise. The fact that the defendant has sinned in the past implies that he is more likely to give false testimony than other witnesses; it also implies that he is more likely to have committed the offense for which he is being tried than if he had previously led a blameless life. The law approves of the former inference but not the latter." *United States v. Harding*, 525 F.2d 84, 89 (7th Cir. 1975). "Thus, a prior conviction for possession of marijuana may or may not provide a reasonable basis for discrediting the veracity of a witness, but it would almost certainly provide a persuasive (even though impermissible) reason for believing that there is validity to a second charge of possession." *Id.*

       When the prior offense is particularly similar to the present charge, the risk of unfair prejudice is especially strong and "both the prosecutor and the court [have] a duty to minimize the risk that the jury would infer guilt" on the pending charge from the fact of a recent conviction on a similar charge. *Id.* at 90.

The risk of unfair prejudice that would come from admission of these convictions is extremely strong, particularly where they stem from conduct that is so similar to that which is charged in this case (unlawful dispensing of prescription drugs without a valid prescription). Any possible probative value that could be gained from informing the jury of these recent convictions would fail to outweigh the supreme prejudicial effect of the temptation to assume he committed the charged crimes here because he was convicted of the prior offenses. This prejudice is made even more salient by the fact that Dr. Mikaitis's earlier convictions are not yet final; he has not been sentenced and judgment has not been entered. The Court must be especially mindful of guarding against prejudice under these circumstances, lest the defendant risk being convicted a second time for conduct that has not yet even been the subject of a judgment of conviction. The temptation for the jury to infer guilt on the instant case due to the recent conviction on very similar charges would be too great regardless of whether final judgment had been entered. The fact that it has not been provides all the more incentive to limit the admission of this evidence.

Finally, the admission of this evidence would inevitably lead to testimony by the witness that he did not commit the crime—as he maintained during the prior trial. Such testimony would generate a mini-trial regarding the previous proceeding that would serve only to confuse the jury and raise the likelihood that the defendant is convicted, not for the present charges, but for his conduct in a prior case that has already been tried to another jury.

## II. Motion to Bar Defendant From Defining Reasonable Doubt During Closing Argument

The government moves the Court to order defense not to attempt to define the term "reasonable doubt" during opening statements or closing arguments. The undersigned obviously does not object to this motion and will make no attempts to define reasonable doubt.

However, the undersigned does object to the government's characterization of past arguments made by the undersigned as running afoul of this rule. The undersigned has never defined reasonable doubt in any of the cases cited by the government and has never been found to have done so by any of the courts in those cases. The undersigned has indeed made *arguments* about whether the evidence presented by the government is sufficient to constitute proof beyond a reasonable doubt. That is perfectly proper and permissible. Indeed, that is the very point of a defense closing argument. The undersigned makes these arguments without defining what "reasonable doubt" means, and indeed routinely tells the jury that only they can determine what it means.

The undersigned will not define reasonable doubt.

WHEREFORE, Dr. Mikaitis respectfully objects to the Motions *in limine* as argued above.

Respectfully Submitted

/Beau B. Brindley

Attorney for Defendant,

WILLIAM MIKAITIS

Law Offices of Beau B. Brindley
53 West Jackson Blvd, Suite 1410
Chicago, Illinois 60604
(312) 765-8878